```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MOHAMMAD O. FAROQUE, KHALED KHAN,           :
MD IMRANUL HAQUE, KHANDKER HAQUE,           :
MOHAMMED S. ALAM, ASAD IKBAL, and           :
MOHAMMED E. KARIM on behalf of themselves   :
and on behalf of all other similarly situated persons, :
                                            :
                    Plaintiffs,             :
                                            :       MEMORANDUM AND ORDER
            -against-                       :       ADOPTING REPORT AND
                                            :       RECOMMENDATION
                                            :       15-CV-6868 (DLI) (CLP)
PARK WEST EXECUTIVE SERVICES, d/b/a         :
TOWN CAR INTERNATIONAL; TOWN CAR            :
INTERNATIONAL HOLDINGS, LLC; ZACHARY        :
BERMAN, in his individual and professional  :
capacities; JOHN M. AHREN, in his individual and :
professional capacities,                    :
                                            :
                    Defendants.             :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

On December 2, 2015, Plaintiff Mohammad O. Faroque ("Faroque") initiated this proceeding individually and on behalf of all current and former similarly situated drivers who, since December 2, 2009, had provided services to Defendants Park West Executive Services, d/b/a Town Car International ("TCI"), Town Car International Holdings, LLC, Zachary Berman ("Berman"), and John M. Ahren ("Ahren") (collectively, "Defendants"), alleging various violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York Code of Rules and Regulations ("NYCRR"). *See* Complaint ("Compl."), Dkt. Entry No. 1. The proposed classes were described as the "FLSA Collective" and the "NYLL Class." *Id*. at ¶¶ 2-6.

On January 26, 2016, Defendants filed a motion to compel arbitration and dismiss the complaint, claiming that a clause in Faroque's operative agreement with TCI ("2015 Agreement")[1] bound him to arbitrate his claims on an individual basis ("Arbitration Clause"). *See* Mem. of Law in Supp. of Def.'s Mot. to Compel Arb. & Dism. the Compl., Dkt. Entry No. 43-1. Instead of opposing the motion, on February 16, 2016, Faroque filed an Amended Complaint naming six additional plaintiffs: Khaled Khan ("Khan"), MD Imranul Haque ("M. Haque"), Khandker Haque ("K. Haque"), Mohammad S. Alam ("Alam"), Asad Ikbal ("Ikbal"), and Mohammad E. Karim ("Karim") (collectively with Faroque, the "Plaintiffs"). *See* Amended Complaint ("Am. Compl."), Dkt, Entry No. 54. Two new claims were added for minimum wage violations under the FLSA, NYLL, and NYCRR. *Id.* at ¶¶ 143-48, 161-66.

In the Amended Complaint, Plaintiffs proposed two general classes and two subclasses. The two proposed general classes, the "FLSA Collective" and the "NYLL Class," would consist of "Khan, M. Haque, K. Haque, Alam, Karim[,] and all" others similarly situated who never signed agreements requiring arbitration. *Id.* at ¶ 3. The two proposed subclasses, the "FLSA Subclass" and "NYLL Subclass," would consist of Faroque, Ikbal, and "all such other similarly-situated persons" who entered into agreements requiring arbitration (*i.e.*, the 2015 Agreement), but only sought relief for claims predating those contracts. *Id.* at ¶ 4.

On March 4, 2016, Defendants filed a motion requesting that this Court compel arbitration for Faroque and Ikbal, dismiss the individual defendants, and stay any remaining claims pending arbitration (the "Motion"). *See* Mem. of Law in Supp. of Defs.' Mot. to Compel Arb., Dism. the Ind. Defs., & Stay Any Remaining Claims ("Def. Mot."), Dkt. Entry No. 55-1. Plaintiffs opposed

---

[1] The "2015 Agreement" is a form contract that was signed by both Faroque and Ikbal. Copies of their executed contracts have been provided by Defendants. *See* Def. Mot. at Exs. A, B. The terms of the documents are identical. Accordingly, the Court will simply refer to the 2015 Agreement in the singular.

2

the Motion. *See* Pls.' Mem. of Law in Opp. to Mot. to Compel Arb., Dism. the Ind. Defs., & Stay All Remaining Claims ("Pl. Opp."), Dkt. Entry No. 56. Defendants filed their reply papers on March 31, 2016. *See* Reply Mem. of Law in Supp. of Defs.' Mot. to Compel Arb., Dism. the Ind. Defs., & Stay Any Remaining Claims ("Def. Reply"), Dkt. Entry No. 57.

On June 16, 2016, this Court referred the Motion to United States Magistrate Judge Cheryl L. Pollak for a Report and Recommendation ("R & R"). The magistrate judge issued a thorough and well reasoned R & R on September 7, 2016, and recommended that the Court deny all relief requested by Defendants. *See* R & R, Dkt. Entry No. 61. In sum, the magistrate judge determined that the Motion should be denied, *in toto*, because: (1) the language of the 2015 Agreement did not apply to claims accruing under previous contracts; (2) Plaintiffs stated claims against Berman and Ahern; and (3) there was no reason to stay the proceeding. *See* R & R at 10-26. On September 26, 2016, Defendants timely filed objections to the R & R. *See* Defs.' Objs. to Sept. 7, 2016 R & R ("Objs."), Dkt. Entry No. 64. Plaintiffs opposed. *See* Pls.' Mem. of Law in Opp. to Defs.' Objs. to Sept. 7, 2016 R & R ("Objs. Opp."), Dkt. Entry No. 65.

For the reasons set forth below, Defendants' objections are overruled and the R & R is adopted in its entirety.

**DISCUSSION[2]**

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't*

---

[2] The Court assumes familiarity with the facts as outlined in the R & R. *See* R & R at 3-10.

3

*of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, No. 11-CV-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

**A.    DEFENDANTS' OBJECTIONS**

Defendants present three objections: (1) the magistrate judge erred in applying the presumption of arbitrability and failed to identify a "positive assurance" that the subject arbitration clause did not apply retroactively; (2) the magistrate judge misconstrued the Second Circuit's holding in *Holick v. Cellular Sales of New York*, 802 F.3d 391 (2d Cir. 2015); and (3) the Court should stay the other Plaintiffs' claims pending resolution of the arbitration. *See* Objs. 6-18. They do not challenge that part of the R & R recommending that the Court deny Defendants' motion to dismiss the individual defendants, Berman and Ahren. *See generally*, *Id*.

4

The Court has reviewed the R & R *de novo* with respect to these objections and accepts the reasoning and recommendations of the magistrate judge in their entirety.

**B.    THE MAGISTRATE JUDGE PROPERLY DETERMINED THAT THE CLAIMS PREDATING THE FEBRUARY 2015 CONTRACT WERE NOT SUBJECT TO THE ARBITRATION CLAUSE**

The first two objections are simply two different ways of challenging the magistrate judge's finding that the Arbitration Clause did not apply retroactively. Having reviewed the magistrate judge's findings and determinations in detail, the Court finds that Defendants' objections are meritless and adopts the reasoning and recommendations of the magistrate judge. While the parties argued about the retroactivity of the Arbitration Clause before the magistrate, as the dispute seemingly centers on the significance of *Holick* and interpretation of controlling precedent, the Court will review this objection *de novo*. *See* Def. Mot. at 12-13; Pl. Opp. at 8-12; Def. Reply at 1-6; R & R 11-20; *see also* Objs. at 10-16.

The Second Circuit has explained that, in order to determine if a dispute "is arbitrable, [the Court] must answer two questions: (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue." *Holick*, 802 F.3d at 394 (internal citations and quotation marks omitted). As to the second prong, if an arbitration clause "has no explicit temporal limitation," the Court must determine whether the subject matter of a dispute is included in that clause. *Id.* (internal citations omitted); *see also Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l*, 198 F.3d 88, 99 (2d Cir. 1999). Despite the general policy in favor of arbitration, it "is a matter of contract, and therefore a party cannot be required to submit" a dispute to arbitration if it has not contracted to do so. *Id.* at 395 (quoting *JLM Indus. v. Stolt-Nielsen SA*, 387 F.3d 163, 171 (2d Cir. 2004)) (internal quotation marks omitted).

There is no dispute that the parties agreed to arbitrate claims under the 2015 Agreement. R & R at 13. The sole question before the Court is whether the scope of the Arbitration Clause

5

includes Faroque's and Ikbal's claims that predate the 2015 Agreement. The Court finds that it does not.

In the R & R, the magistrate judge acknowledged the federal policy in favor of arbitration and a "presumption of arbitrability which may only be overcome by 'a positive assurance that the arbitration clause is not susceptible of an interpretation [*i.e.*, ambiguity] that covers the asserted dispute.'" R & R at 11 (quoting *Holick*, 802 F.3d at 395). Applying the presumption of arbitrability alongside principles of contract law, the magistrate judge found positive assurances[3] in the language of the Arbitration Clause and the parties' past practices that limited the Arbitration Clause to disputes arising after the parties signed the contract. *Id*. at 17-20.

In pertinent part, the Arbitration Clause, Section 11(a), reads as follows:

> All claims and disputes arising under or relating to this Agreement . . . are to be settled by individual binding arbitration in the [S]tate of New York, County of Queens. The arbitration shall be conducted on a confidential basis pursuant to the Commercial Arbitration Rules of the American Arbitration Association.

Def. Mot., Ex. A at 12-13; Def. Mot., Ex. B, at 12-13.[4] Here, the language of the 2015 Agreement speaks only to "this Agreement." Def. Mot., Ex. A at 12; Def. Mot., Ex. B, at 12. Looking to the jurisprudence from courts of concurrent jurisdiction, as a matter of contract interpretation, when successive contracts use the phrase "this Agreement," "[t]he subject matter of [the] clause is restricted by the phrase 'this Agreement.'" *TAPCO Underwriters, Inc. v. Catalina London Ltd.*, No. 14-CV-8434 (JSR), 2014 WL 7228711, at *4 (S.D.N.Y. Dec. 8, 2014); *see also Sempra Energy Trading Corp. v. Algoma Steel, Inc.*, No. 00-CV-9227 (GEL), 2001 WL 282684, at *7

---

[3] A "positive assurance" as to the applicability of an arbitration clause can be found by looking to the "contract's language, the timing of its execution, and the conduct of the parties." *Holick*, 802 F.3d at 398 (internal citations and quotation marks omitted).

[4] This pagination refers to the numbers generated electronically at the top of the page by ECF for ease of reference.

(S.D.N.Y. Mar. 22, 2001), *aff'd by* 300 F.3d 242 (2d Cir. 2002) (explaining that "forum selection clauses cannot operate to hijack any dispute that may exist . . . related or unrelated, and turn a dispute about some other contract . . . that would otherwise be litigated elsewhere into a dispute 'relating to' the agreement . . . .") (internal citations omitted). Accordingly, the Court does not find the Arbitration Clause to have any ambiguity that would necessitate further analysis. *Cf. Holick*, 802 F.3d at 397 ("Since the plain language of the Compensation Agreement is ambiguous, we turn to whether parol evidence sheds light on the parties' intent.").

Having reviewed the arguments and the relevant case law, the Court finds that *Holick* and the other controlling cases that Defendants cite in objecting to the R & R are inapposite. *See* Objs. at 7. In *Arrigo v. Blue Fish Commodities, Inc.*, 408 F. App'x 480 (2d Cir. Feb. 7, 2011), the claims concerned allegations regarding unpaid overtime wages under federal and state law. The Circuit determined that those claims were within the scope of the operative arbitration clause that "encompasse[d] 'all federal and state statutory claims' and 'any other . . . basis of action pertaining to [the plaintiff's] employment.'" *Id*. at 482 (internal citations omitted). In *Smith/Enron Cogeneration Ltd. P'ship*, the Circuit found that allegations of fraudulent inducement to contract were "related to" the resultant contract and, therefore, controlled by its arbitration clause. 198 F.3d at 99. In *Coenen v. R. W. Pressprich & Co.*, 453 F.2d 1209, 1212 (2d Cir. 1972), the Circuit found that an arbitration clause applied because it required the plaintiff to "arbitrate *any* controversy between members." (internal quotation marks omitted) (emphasis added). Finally, in *Holick*, the controversy concerned the following arbitration clause: "All claims, disputes, or controversies arising out of, or in relation to this document or Employee's employment with [defendant] shall be decided by arbitration." *Id*. at 393 (internal citations omitted). The Circuit only addressed the latter half of that clause and explicitly stated that it was not "analyz[ing] the portion of the

7

arbitration agreement that references 'disputes . . . arising out of, or in relation to this document.'" *Id*. at 394 n.6 (internal citations omitted). The parties have not cited, and the Court has not found, any opinion from the Second Circuit Court of Appeals squarely addressing the impact and significance of the limiting phrase "this Agreement" in an arbitration clause.

Defendants counter that the language of the Arbitration Clause is defeated by the inclusion of Section 10(a) of the contract, "the plain meaning and effect" of which means that the 2015 Agreement "stands in the shoes of the prior one[s]." Objs. at 15; *see also Id*. at 8-9; Def. Reply at 3. This is false.

According to Section 10(a),

> This Agreement sets forth the entire understanding between TCI and [the plaintiff] and any and all prior agreements, understandings, and representations are hereby terminated and canceled in their entirety and are of no further force and effect.

Ex. A at 12; Ex. B at 12. This Court previously has held that "a subsequent contract not pertaining to the same subject matter will not supersede an earlier contract unless the subsequent contract has definitive language indicating it revokes, cancels or supersedes that *specific* prior contract." *Stewart v. Target Corp.*, No. 11-CV-3557 (DLI) (RER), 2013 WL 1182080, at *3 (E.D.N.Y. Mar. 20, 2013) (internal citations and quotation marks omitted) (emphasis added). Section 10(a) does not have any language revoking any *specific* contract, but rather, generally states that "all prior agreements" are terminated. Ex. A at 12; Ex. B at 12. This provision is insufficient to permit the most recent agreements "stand in the shoes" of any previous contracts.

As discussed above, the language of the contract unambiguously restricts the Arbitration Clause to the 2015 Agreement thereby differentiating it from any other previous contracts, and Section 10(a) does not effectively revoke any previous agreements. The Court finds, as did the magistrate judge, that the Arbitration Clause does not apply to Faroque's and Ikbal's claims that

predate their execution of the 2015 Agreement. As such, the Court overrules Defendants' objections and adopts the magistrate judge's recommendation that Defendants' motion to compel arbitration be denied.

### C. THE MAGISTRATE JUDGE PROPERLY DETERMINED THAT THE REMAINING CLAIMS SHOULD NOT BE STAYED

Defendants' remaining objection to the R & R is that the magistrate judge erred in recommending that the Court deny their request to stay any other claims until the resolution of arbitration concerning Faroque's and Ikbal's claims. Objs. at 16-18. Like their arguments concerning *Holick*, this objection is a rehashing of the issues brought before the magistrate judge. *Compare* Def. Mot. at 23-25 *and* Def. Reply at 8-10, *with* Objs. at 16-18. In the R & R, after the magistrate judge recommended that Faroque's and Ikbal's claims not be subject to arbitration, she correspondingly found no reason to grant a stay. *See* R & R at 25-26.

In light of the Court's decision to adopt the magistrate judge's recommendation that Defendants' motion to compel arbitration be denied and the fact that no claims are proceeding to arbitration, there is no reason to stay the action. Defendant's objection is overruled as moot.

9

## **CONCLUSION**

Upon due consideration and review, as discussed above, and including those portions of the R & R to which Defendants did not object, the recommendations contained in the R & R are adopted in their entirety. Accordingly, Defendants' motion to compel arbitration as to Faroque and Ikbal, dismiss the individual defendants, and stay any remaining claims pending arbitration is denied.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2017

/s/
DORA L. IRIZARRY
Chief Judge