ALLAN S. BLOOM
NICOLE A. EICHBERGER (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3800

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMAD O. FAROQUE, *et al.*<br><br>                    Plaintiff,<br><br>- and -<br><br>PARK WEST EXECUTIVE SERVICES, *et al.*<br><br>                    Defendants. | No. 15 CV 6868 (DLI) (CLP) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION TO STAY PENDING APPEAL</u>**

Dated: April 19, 2017

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ............................................................................................... 1

**SUMMARY OF RELEVANT FACTS** ...................................................................................... 2

**ARGUMENT** .............................................................................................................................. 5

**CONCLUSION** .......................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974).................................................................................................................8

*Arciniaga v. Gen. Motors Corp.*,
   460 F.3d 231 (2d Cir. 2006).....................................................................................................7

*Arrigo v. Blue Fish Commodities, Inc.*,
   408 F. App'x 480 (2d Cir. 2011) ..............................................................................................7

*AT&T Mobility v. Concepcion*,
   563 U.S. 333 (2011).................................................................................................................9

*Cotton v. Slone*,
   4 F.3d 176 (2nd Cir. 1993) ......................................................................................................5

*Denney v. Jenkens & Gilchrist*,
   340 F. Supp. 2d 348 (S.D.N.Y. 2004)......................................................................................6

*Guyden v. Aetna, Inc.*,
   544 F.3d 376 (2d Cir. 2008).....................................................................................................7

*Holick v. Cellular Sales of N.Y., LLC*,
   802 F.3d 391 (2d Cir. 2015).....................................................................................................7

*Katz v. Cellco P'ship*,
   794 F.3d 341 (2d Cir. 2015).................................................................................................5, 6

*Levy v. Verizon Info. Servs. Inc.*,
   Nos. 06-cv-1583(NG), 06-cv-5056 (NG), 2007 WL 1747104 (E.D.N.Y. June
   11, 2007) ..................................................................................................................................8

*Meyer v. Kalanick*,
   203 F. Supp. 3d 393 (S.D.N.Y. 2016)...........................................................................2, 6, 7, 9

*Motorola Credit Corp. v. Uzan*,
   388 F.3d 39 (2d Cir. 2004).......................................................................................................6

*Saleem v. Corp. Transportation Group, Ltd*
   No. 15-88-cv, --- F.3d ----, 2017 WL 1337227 (2d Cir. Apr. 12, 2017) ...............................5, 7

*Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc.*,
   198 F.3d 88 (2d Cir. 1999).......................................................................................................6

*Sutherland v. Ernst & Young LLP*,
   726 F.3d 290 (2nd Cir. 2013) .................................................................................5, 6

**STATUTES**

9 U.S.C. §§ 16(a)(1)(A) ..............................................................................................1, 5

9 U.S.C. § 16(a)(1)(B) .............................................................................................1, 5, 7

29 U.S.C. 216(b) ..............................................................................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ...................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1

Fed. R. Civ. P. 23 ............................................................................................................8

Defendants Park West Executive Services d/b/a Town Car International ("TCI"), Town Car International Holdings, LLC, Zachary Berman, and John M. Ahern (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion pursuant to 9 U.S.C. §§ 16(a)(1)(A)-(B) to stay the captioned matter pending resolution of their appeal, to the United States Court of Appeals for the Second Circuit, of the Court's March 31, 2017 Order (Dkt. 70) denying Defendants' Motion to Compel Arbitration and to Stay the Remaining Claims.

## PRELIMINARY STATEMENT

The legislative intent to liberally favor arbitration agreements is built into the statutory construct of the Federal Arbitration Act ("FAA"), demonstrated by the statute's provision that an immediate interlocutory appeal may be taken from a denial of motion to compel arbitration and/or a motion to stay remaining claims pending arbitration. 9 U.S.C. §§ 16(a)(1)(A)-(B). On March 31, 2017, this Court affirmed the Report and Recommendations ("R&R") issued by United States Magistrate Judge Cheryl L. Pollak on September 7, 2016 (Dkt. 61), and denied Defendants' motion to compel arbitration and stay any remaining claims pending arbitration pursuant to FRCP 12(b)(1) and (6).[1] (Dkt. 70.) On April 11, 2017, Defendants filed their Notice of Appeal with the Court, appealing the March 31, 2017 Order in its entirety.

In light of the fact that the Court's entire Order is now submitted on appeal to be reviewed *de novo*, Defendants respectfully request that the matter be stayed until the Second Circuit has resolved the matter. The Second Circuit has adopted the position that there is no right to an automatic stay during the pendency of an appeal of an order denying a motion to compel arbitration and/or to stay the remaining claims and vests the district court with the

---

[1] The R&R also recommended that Defendants' motion to dismiss the Individual Defendants under FRCP 12(b)(6) be denied. (Dkt. 61 at 20-24.) Although Defendants disagreed with the R&R's recommendation on this issue and may later move to dismiss the Individual Defendants, Defendants did not object to this portion of the R&R, and it is not part of Defendants' appeal.

discretion to grant or deny such an application. In evaluating a motion for a stay, district courts will often focus on four factors—whether the party seeking the stay: (1) has made a strong showing of a likelihood of success on the merits; (2) will be irreparably injured absent a stay; (3) has shown that the issuance of the stay will not substantially injure the other parties; and (4) has shown where the public interest lies. *See Meyer v. Kalanick*, 203 F. Supp. 3d 393, 395 (S.D.N.Y. 2016). Although none of the four factors are individually outcome determinative, the first and second factors are afforded greater weight than the others.

As set forth more fully herein, Defendants seek a stay of the district court proceedings pending resolution of their appeal because continuing to litigate any part of the case while the Second Circuit reviews *de novo* whether some claims should proceed individually in arbitration and others should be stayed pending arbitration would irreparably injure Defendants, increase legal inefficiencies and costs, and cause confusion among the putative class and collective members. Moreover, Defendants believe that there is a likelihood of success before the Second Circuit, which historically has enforced arbitration provisions retroactively.

For these reasons and those set forth herein, Defendants respectfully request that this Court grant Defendants' Motion to Stay pending appeal of the Court's March 31, 2017 Order (Dkt. 70) to the Second Circuit.

## **SUMMARY OF RELEVANT FACTS**[2]

In this case, each of the Named Plaintiffs alleged that they were misclassified as independent contractors and not paid all fees owed to them under their Independent Owner-Operator Agreement with TCI ("IOO Agreement") in violation of the Fair Labor Standards Act

---

[2] A more robust recitation of the facts is set forth in Defendants' Memorandum In Support of Their Motion to Compel Arbitration, Dismiss the Individual Defendants and Stay the Remaining Claims. (Dkt. 55-1 at 3-8.)

2

("FLSA") and the New York Labor Law ("NYLL").[3] (Dkt 54, ¶¶ 53-58.) The Named Plaintiffs asserted similar claims on behalf of putative collective and class members, but divided the class and collective claims between those individuals who executed IOO Agreements with arbitration provisions and those individuals who executed IOO Agreements without arbitration provisions. (Dkt. 54 ¶¶ 1-5, 115-116, 125-126.) Regardless of the presence of an arbitration provision, the merits of each Named Plaintiff's and putative class and collective member's FLSA and NYLL claims arise under and relate to similar, if not the same, provisions under each individual's IOO Agreement. (*Compare* Am. Compl. ¶¶ 53-58 *with* Berman Decl. Exs. A-G §§ 2, 3.)

Each of the Named Plaintiffs was an independent owner-operator ("IOO") of a vehicle who entered into an affiliation agreement with TCI to provide executive ground transportation services to corporate clients. (Berman Decl. ¶¶ 3, 4.[4]) TCI contracts with each IOO on an independent contractor basis, the terms and conditions of which are codified in an IOO Agreement. (*Id.* ¶¶ 4, 5.) Although the Court disagreed, some of the Named Plaintiffs ("Arbitration Plaintiffs"), as well as some of the putative class and collective members, executed IOO Agreements containing a section requiring individual, binding arbitration of all claims without any explicit temporal limitation between the IOO and Defendants. (Berman Decl., Exs.

---

[3] Plaintiff Faroque filed the original complaint in this Action on December 2, 2015, as the only Named Plaintiff. (Dkt. 1.) The complaint alleged wage and hour claims under the FLSA and NYLL arising out of services he performed for clients of TCI. (*Id.* ¶ 1.) The complaint listed two proposed classes: an FLSA Collective for claims brought under the FLSA and an NYLL Class for claims brought under the NYLL. (*Id.* ¶¶ 2, 4.) On January 26, 2016, Defendants filed a motion to compel arbitration and to dismiss the Complaint because Faroque—then the only Named Plaintiff—was obligated to individually arbitrate his claims. (Dkt. 43.) On February 9, 2016, the day his opposition was due under the Court's scheduling order, Faroque filed a letter with the Court stating that he would not be filing an opposition; rather, he intended to file an Amended Complaint on February 16, 2016. (Dkt. 51.) The next day, February 10, 2016, the Court ordered him to file an Amended Complaint or an opposition to Defendants' motion by February 16, 2016. Faroque and the other Named Plaintiffs filed the Amended Complaint on February 16, 2016. (Dkt. 54.)

[4] "Berman Decl." refers to the Declaration of Zachary Berman, dated March 4, 2016, Dkt. 55-2.

3

A-B § 11.) The rest of the Named Plaintiffs ("Non-Arbitration Plaintiffs"), as well as some of the putative class and collective members, do not have arbitration provisions in their IOO Agreements because they disaffiliated with TCI before TCI began incorporating arbitration provisions into all IOO Agreements in 2015. (Berman Decl. ¶ 15.)

None of the Arbitration Plaintiffs' IOO Agreements contained *any* language that limited the application of the arbitration provision prospectively or retroactively. (Berman Decl. Exs. A-B) In addition, the Arbitration Plaintiffs' operative IOO Agreements did not change or alter the relationship between TCI and the IOO, *i.e.*, the independent contractor relationship; they did, however, supersede any prior agreements so as to give full force and effect to the added arbitration provision. With the exception of the absence of an arbitration provision, the IOO Agreements signed by each Non-Arbitration Plaintiff contain the same provisions, rights, and obligations as the IOO Agreements signed by each Arbitration Plaintiff. Each Non-Arbitration Plaintiff's IOO Agreement contains the same express agreement that the IOO is performing services as an independent contractor. (Berman Decl. Exs. D-G §§ 3(a), 3(b).) Each IOO Agreement contains the same process by which TCI would provide business opportunities to the IOO; the same right of each IOO to accept or reject such opportunities; the IOO's freedom to provide transportation services to other entities outside of TCI; and the fees the IOO would receive for any services they provided to TCI clients. (Berman Decl. Exs. A-G §§ 2, 3.) Indeed, the *only* difference between the Arbitration Plaintiffs' IOO Agreements and the Non-Arbitration Plaintiffs' IOO Agreements is the presence or absence of an arbitration provision. (*Compare* Berman Decl. Exs. A-B § 11 *with* Berman Decl. Exs. C-G § 11.)

Relying on the IOO Agreements' clear and unambiguous arbitration provision, Defendants moved to compel individual, binding arbitration of the claims of each of the

4

Arbitration Plaintiffs. (Dkt. 55-1.) Additionally, Defendants moved to dismiss the individual defendants (Mr. Berman and Mr. Ahern) and to stay the claims of the Non-Arbitration Plaintiffs pending the result of Arbitration Plaintiffs' individual arbitrations. (Dkt. 55-1.) The September 7, 2016 R&R recommended denial of Defendants' motion to compel arbitration, dismiss the individual defendants, and stay the remaining claims pending arbitration. (Dkt. 61.) On March 31, 2017, the Court adopted in the R&R in its entirety and denied Defendants' motion to compel arbitration and stay the remaining claims pending arbitration. (Dkt. 70.) On April 11, 2017, Defendants filed their Notice of Appeal. (Dkt. 71.) That same day, the Court ordered that the parties meet and confer to set a conditional collective certification briefing schedule on all claims.[5]

## ARGUMENT

The "Federal Arbitration Act ("FAA") authorizes immediate interlocutory appeals from denials of motions to compel arbitration" and/or motions to stay remaining claims pending arbitration. *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 295 (2nd Cir. 2013) (quoting 9 U.S.C. § 16(a)(1)(A)-(B) and overturning the district court's decision to deny defendants' motion to compel arbitration), *appeal after remand*, 600 F. App'x 6 (2d Cir. 2015); *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015) (same), *cert. denied by* 136 S. Ct. 596 (2015). A party's ability to appeal a denial of a motion to compel arbitration and/or stay of proceedings is a "right under section 16(a) of the Federal Arbitration Act[.]" *Cotton v. Slone*, 4 F.3d 176, 178

---

[5] The very next day, April 12, 2017, the Second Circuit issued its opinion and order in *Saleem v. Corp. Transportation Group, Ltd* No. 15-88-cv, --- F.3d ----, 2017 WL 1337227 (2d Cir. Apr. 12, 2017), which reaffirmed summary judgment for defendants and held that independent owner-operators of vehicles affiliated with entities similar to TCI were independent contractors under the FLSA.

5

(2nd Cir. 1993); *Katz*, 794 F.3d at 346 (noting that the FAA allows for "immediate interlocutory review of an order refusing to compel arbitration or denying a stay of proceedings"). On appeal, the Second Circuit reviews "*de novo* a district court's refusal to compel arbitration." *See Sutherland*, 726 F.3d at 295.

If an appeal is taken with respect to an order denying a motion to compel arbitration and/or denying a motion to stay any remaining claims, the Second Circuit has "explicitly adopt[ed] the . . . position that further district court proceedings in a case are not 'involved in' the appeal of an order refusing arbitration, and" the district court has discretion in determining whether the case is stayed pending appeal. *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004). In assessing whether to grant a stay of proceedings pending appeal, the district court will focus on four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' . . . In deciding whether to grant the stay, moreover, the first and second factors are the 'most critical.'" *Meyer*, 203 F. Supp. 3d at 395 (internal citations omitted). *See also Denney v. Jenkens & Gilchrist*, 340 F. Supp. 2d 348, 349 (S.D.N.Y. 2004).

With respect to the first factor, Defendants believe there is a likelihood of success on appeal. *See Meyer*, 203 F. Supp. 3d at 395-96. The Second Circuit, which will review this Court's decision *de novo*, historically has adopted a presumption in favor of arbitration, including the application of those agreements retroactively. *See Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 98-9 (2d Cir. 1999) ("[T]he existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it

6

may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute;" and holding that an arbitration agreement applied retroactively because the relevant inquiry was whether the claims "relat[ed] to any obligation or claimed obligation under the [relevant arbitration] Agreement, not when they arose") (emphasis added and internal citations omitted); *see also Holick v. Cellular Sales of N.Y., LLC,* 802 F.3d 391, 395 (2d Cir. 2015); *Arrigo v. Blue Fish Commodities, Inc.*, 408 F. App'x 480, 482 (2d Cir. 2011); *Guyden v. Aetna, Inc.*, 544 F.3d 376, 382 (2d Cir. 2008); *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006). In addition, the Second Circuit has familiarity with the facts presented in this case as seen in the Circuit Court's decision within the last few weeks, ruling that independent owner-operators of vehicles affiliated with a dispatch base like TCI are independent contractors under the FLSA. *Saleem*, -- F.3d ----, 2017 WL 1337227, at *5.

 Even if this Court disagrees that Defendants have a strong likelihood of success at the Second Circuit, the proceedings should still be stayed because Defendants have demonstrated that they satisfy the second factor, *i.e.*, they would be irreparably injured absent a stay. *See Meyer*, 203 F. Supp. 3d at 395-97. In *Meyer*, the court noted at the outset that a court might be reluctant to hold that there is a strong likelihood that its order will be overturned. *See Meyer*, 203 F. Supp. 3d at 395 ("Admittedly, a district court that issued an order that is being challenged on appeal may be predisposed to be unimpressed by the challenges to that ruling."). In holding that the defendants made a strong showing of irreparable injury absent a stay, however, the court noted that 9 U.S.C. § 16(a)(1)(B), which authorizes an interlocutory appeal from a denial of arbitration, "evidences a congressional determination that a wrongful denial of the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case." *Id*.

7

Here, in the absence of a stay, Defendants will be subjected to unnecessary and excessive costs and legal fees from having to litigate at the district and appellate court levels simultaneously. Additionally, in light of this Court's order directing the parties to submit a joint briefing schedule on conditional certification before April 21, 2017, there is a possibility that a certification hearing could be held before the Second Circuit's decision. If the Court conditionally certifies an FLSA collective, Defendants would have to engage in extensive discovery, including deposing collective action members, which would dramatically—and unnecessarily—increase costs should the Second Circuit order individual arbitration.

Conversely, a stay will not result in undue hardship to the Non-Arbitration Plaintiffs or to members of the FLSA Collective and NYLL Class. All FRCP 23 class claims will be tolled from the date of filing. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) (stating that the filing of a class action suspends the applicable statute of limitations for all class members). Thus, staying the class claims while the subclasses arbitrate will not harm the members of the NYLL Class. Moreover, under the FLSA, the statute of limitations will be tolled from the date each collective action member files a consent to join. *See* 29 U.S.C. 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Levy v. Verizon Info. Servs. Inc.*, Nos. 06-cv-1583(NG) (SMG), 06-cv-5056 (NG) (SMG), 2007 WL 1747104, at *3 (E.D.N.Y. June 11, 2007). Thus, staying the action will also not affect any statute of limitations issues for the members of the FLSA Collective.

Defendants also satisfy the third factor because the issuance of the stay will substantially injure the other parties interested in the proceeding. As the court in *Meyer* recognized, although a plaintiff has an interest in promptly resolving a case, Congress has determined "that the

8

potential harm to a party whose motion to compel arbitration was denied is greater than the harm a stay would cause to the non-movant." *Meyer*, 203 F. Supp. 3d at 396. Additionally, on April 11, 2017, the Court ordered that the parties confer on a conditional certification briefing schedule. If the Court grants Plaintiffs' motion for conditional certification prior to the Second Circuit resolving the pending appeal, individuals may receive notice and be bound to a collective action that could be undone should the Second Circuit uphold the arbitration provisions and apply them retroactively. In addition to causing confusion, putative class and collective action members could be harmed if they fail to timely act on their rights because they were unaware of the subsequent undoing of the collective certification.

In analyzing the fourth factor, the court must determine where the public interest lies. This fourth factor is satisfied insofar as federal policy and jurisprudence strongly favor arbitration agreements, and the Supreme Court and Court of Appeals for the Second Circuit have construed the FAA as embodying that legislative intent. *See, e.g., AT&T Mobility v. Concepcion*, 563 U.S. 333, 344-345 (2011). Moreover, the public interest favors judicial efficiency, excessive costs, and excessive legal fees. Absent a stay in this matter, judicial inefficiencies will arise when one forum is determining which forum has jurisdiction over the Plaintiffs, putative class and collective members and the underlying claims while another forum is determining the merits Plaintiffs' claims when it may not have the jurisdiction to do so. Thus, Defendants have made a showing that the four factors are met in this matter, and a stay pending appeal is warranted.

## **CONCLUSION**

For the reasons set forth in this memorandum, Defendants respectfully request that their motion to stay the matter pending appeal be granted.

Dated: New York, New York
   April 19, 2017

Respectfully submitted,

PROSKAUER ROSE LLP

/s/ Allan S. Bloom
By: Allan S. Bloom
   Nicole A. Eichberger (*pro hac vice*)

Eleven Times Square
New York, NY 10036
(212) 969-3000
abloom@proskauer.com
neichberger@proskauer.com

*Attorneys for Defendants*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April, 2017, the foregoing **Memorandum of Law in Support of Defendants' Motion to Stay Pending Appeal** was served via electronic mail and Federal Express to the following attorney of record consistent with this Court's rules:

Jeanne M. Christensen, Esq.
Wigdor LLP
85 Fifth Avenue
New York, New York 10003
jchristensen@wigdorlaw.com

s/ Allan S. Bloom
Allan S. Bloom

11